### MUNSON and another v. HALL.

*(Circuit Court, S. D. New York.   February 6, 1884.)*

PATENTS—IMPROVED PAPER BOX.
>  The distinctive characteristic of letters patent No. 124,319, for an improved paper box, consists in the closed corners; and a box of which the end can be turned down is not an infringement.

In Equity.

*Munson & Philipp*, for complainants.

*James A. Hudson* and *Frederic H. Betts*, for defendant.

WALLACE, J. The complainants letters patent (No. 124,319, granted to Beecher and Swift, assignors, March 5, 1872) describe an improved paper box of the class which are provided with tubular sliding covers, and commonly used for containing matches, etc. The box is made from a blank sheet of paper cut and creased so as to form a bottom, two side flaps, two end flaps provided with projecting end pieces, and two corner pieces which may be used or discarded at pleasure. The side flaps are turned up to form the sides, and the end flaps are turned up to form the ends, after which the corner pieces are folded around the side flaps, and the projecting end pieces are turned down into the top of the box. The specification states that "after thus folding the several parts together they are united by pasting the overlapping corner pieces to the side flaps, the whole forming a strong and durable box." The inventors point out two objections to the boxes previously in use, and which are obviated by their improvement. One of these is insufficient strength and rigidity owing to the absence of the corner pieces. The other is the liability of the contents to escape if one end of the box should accidentally project slightly from the tubular cover.

There are two claims: (1) The combination with a paper box

adapted to a tubular cover of the projecting end pieces arranged substantially as and for the purposes described; (2) a paper box constructed substantially as described, with overlapping corner pieces, and with overlapping end pieces partially covering the end of the box. Infringement is alleged of the first claim only. The defendants use a blank cut and creased like complainants' blank, except without any corner pieces, which they fold into box form with sides and ends and projecting end pieces, and thus make a receptacle to hold cigarettes which is not pasted at the corners, but in which the whole end can be opened without removing the receptacle from the tubular cover. It is a loose receptacle adapted to expose the whole end while the body remains within the tubular cover. The complainants' patent is for a different thing. It is for a box in which the parts are united at the ends and sides. If made without the corner pieces it is "joined together at the corners to form the sides and ends of the box," as the pre-existing boxes are described in the specification to have been made, but has the projecting end pieces to prevent escape of the contents by accidental exposure. If made with the corner pieces it has the additional strength and rigidity which they confer upon it. No wider scope can be given to the claims in view of their terms, the descriptive position of the specifications, and the specific improvements over the existing boxes which were contemplated by the inventors.

The bill is dismissed.